**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| MIRIAM LANE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| CONSUMER RECOVERY ) | **COMPLAINT AND DEMAND FOR** |
| ASSOCIATES, ) | **JURY TRIAL** |
| ) | |
| Defendant ) | |

## **COMPLAINT**

MIRIAM LANE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CONSUMER RECOVERY ASSOCIATES ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 14 U.S.C. § 227, *et seq*. ("TCPA").

## **JURISDICTION AND VENUE**

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Delaware and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in New Castle, Delaware 19720.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Defendant is a business entity with an office located at 484 Viking Drive, Suite 155, Virginia Beach, VA 23452.

9. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a debt from Plaintiff.

11. Debt collection is the principal purpose of the Defendant's business.

12. At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Plaintiff has a cellular telephone number.

15. The phone number has been assigned to a cellular telephone service for which Plaintiff is the subscriber.

16. By way of background, beginning in or around December 2016 and continuing through June 2017, Defendant called Plaintiff on her cellular telephone repeatedly.

17. The Defendant also made a few additional calls to Plaintiff's cell phone in or around September 2017.

18. Upon information and belief, Defendant was contacting Plaintiff to collect an alleged debt.

19. Plaintiff does not have any business debts, so the debt that Defendant has been contacting Plaintiff about could only have been incurred for personal, family, or household purposes.

20. When contacting Plaintiff, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

21. Plaintiff could tell Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as calls would either begin with a recording before a live representative came on the line.

22. Defendant's telephone calls were not made for "emergency purposes."

23. Shortly after the calls started in or around December 2016, Plaintiff told Defendant to stop calling her.

24. Despite this request, Defendant continued to call Plaintiff repeatedly, forcing her to tell them to stop calling several more times until calls finally stopped.

25. Plaintiff founds Defendant's repeated calls to be invasive, harassing, frustrating, annoying, aggravating, stressful, and upsetting.

26. Upon information and belief, Defendant conducts business in a manner which violates the Fair Debt Collection Practices Act and Telephone Consumer Protection Act.

# COUNT I
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

30. Defendant violated §§ 1692d and 1692d(5) when it continued to place telephone calls to Plaintiff between December 2016 and June 2017 despite Plaintiff making it clear that she wanted the calls to stop.

# COUNT II
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice and/or automated telephone dialing system.

33. Defendant's calls to Plaintiff were not made for emergency purposes.

34. After Defendant was told to stop calling, it knew or should have known it did not have consent to call Plaintiff and/or that any consent it thought it had to call was revoked.

35. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MIRIAM LANE, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs, and other litigation costs, pursuant to 15 U.S.C. § 1692k(a)(3);

    d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e. Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f. Treble damages of $1,500.00 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

    g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    h. Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MIRIAM LANE, demands a jury trial in this case.

                                      RESPECTFULLY SUBMITTED,

                                      KIMMEL & SILVERMAN, P.C.

Date: December 15, 2017        By:*/s/ W. Christopher Componovo*
                                                   W. Christopher Componovo
                                                   Silverside Carr Executive Center
                                                   Suite 118, 501 Silverside Road
                                                   Wilmington, DE 19809
                                                   Phone: (302) 791-9373
                                                   Facsimile: (302) 791-9476